FILED'08 MAY 13 20:04USDC-ORP

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

CASS S. KENDRICK, )
)
        Plaintiff, )    Civil Case No. 06-1276-KI
)
vs. )    OPINION AND ORDER
)
TRAVELCENTERS OF AMERICA, et al., )
)
        Defendants. )
)

Cass S. Kendrick
5571 Halifax Court
Denver, Colorado  80249

    Pro Se Plaintiff

Eric J. Neiman
Marc M. Carlton
Williams, Kastner & Gibbs PLLC
888 S. W. Fifth Avenue, Suite 600
Portland, Oregon  97204-2025

    Attorneys for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Cass Kendrick brings a negligence claim against defendants, which do business as TravelCenters of America. Kendrick alleges that he was injured when he fell on defendants' property near the commercial fuel islands, hurting his back and knee. Before the court is Defendants' Motion for Summary Judgment (#42). For the reasons below, I grant the motion and dismiss the case with prejudice.

## FACTS

On July 19, 2004, Kendrick stopped his truck next to the fuel islands at the TravelCenter in Troutdale, Oregon to buy fuel and park for the night. It had just gotten dark but the fuel islands were lit. Kendrick got out of his truck cab, took a few steps away from his truck to examine its lights, and stepped into an uncovered section of the fuel run-off drain.

Steve Krakowski has been the General Manager of this TravelCenter since 1999. Krakowski explains that the fuel run-off drain is embedded in the exterior portion of the concrete pad that forms the fuel islands. The drain is level with the surrounding concrete and is covered in most areas with a metal grate that allows trucks to drive over it. As part of the fuel island design, the drain is intended to catch and contain any diesel fuel, oil, or other contaminants that might leak from the trucks. From the pictures, the drain appears to be approximately one to two feet wide and runs for quite a distance in the area around the fuel islands. Most commercial fueling stations use substantially the same system to limit the environmental impact of the operation.

There are a few removable covers to allow access to the drain. Kendrick stepped into an area with a removable cover which measures nine inches by fifteen inches. The cover was a

Page 2 - OPINION AND ORDER

solid piece of wood that was one and one half inches thick and fits snugly into the drain opening. The access area with the wood cover is not subject to vehicle traffic. It is approximately eight feet from the nearest set of fuel pumps and is easily visible to employees and other drivers.

Krakowski oversees all operations at this TravelCenter. Before Kendrick's accident, he is not aware of anyone stepping into any section of the drain. Krakowski is also not aware of any instance when the wood cover was damaged or displaced. He regularly inspects the fuel islands and instructs his maintenance staff to do the same when working in the area, including cleaning the fuel pumps, refilling the window washing containers, emptying the garbage, and cleaning up any debris.

Krakowski examined the wood cover at issue the day after Kendrick's accident. It was broken into two pieces and appeared to have been struck in the center by a blunt object.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

Defendants contend that they are not liable for Kendrick's injuries caused by a temporary condition while he was an invitee on their business property.

An invitee is "one who comes on the premises on business that concerns the occupier, with the occupier's express or implied invitation." Glorioso v. Ness, 191 Or. App. 637, 640, 83 P.3d 914 (2004). Kendrick has the status of an invitee because he was a customer of the TravelCenter, a retail business.

In a slip-and-fall case concerning lettuce on the floor of a grocery store, the court stated:

> To recover from the occupant having control of the property, an invitee who is injured by slipping on a piece of lettuce on the floor of a grocery store must show one of three possible circumstances: (1) that the lettuce was placed there by the occupant; (2) that the occupant knew that the lettuce was there and failed to use reasonable diligence to remove it; or (3) that the lettuce had been there so long that the occupant should, in the exercise of reasonable diligence, have discovered and removed it.

Swisher v. Albertson's, Inc., 186 Or. App. 734, 737, 64 P.3d 1212 (2003). The court held that a jury could find that no one other than Albertson's employees could have put the lettuce on the floor. This conclusion was based on evidence that the lettuce was on the floor in an area in the control of the checkers and baggers. The court also held that due to the lettuce's wilted, brown, and slimy appearance, a jury could find that it had been on the floor long enough to be stepped on many times and, if the employees used reasonable diligence, they should have discovered it in the area that they controlled and where the lettuce was fully visible. The court did not analyze the second possible circumstance, that Albertson's employees knew the lettuce was on the floor and failed to use reasonable diligence to remove it.

Here, as in <u>Swisher</u>, there is no evidence that defendants knew that the drain cover had been damaged or moved out of place. In contrast to <u>Swisher</u>, however, there is no evidence that the drain cover was in an area in control of the TravelCenter employees. The pictures indicate that the drain cover was in an area near the fuel pump island where both employees and members of the public could freely walk. Also in contrast to <u>Swisher</u>, the physical state of the damaged drain cover does not allow any inference about how long it had been displaced. Although the drain cover was broken in half, that could have happened immediately prior to Kendrick stepping out of his truck. Due to the delicate nature of lettuce, the longer it sits on the ground, the more it is likely to be stepped on, causing it to become more slimy and wilted over time. The wood cover, although broken in half, does not provide any information about the timing of the damage. Moreover, there is no evidence that the drain cover was ever damaged before.

In summary, Kendrick has not brought forward sufficient evidence on which a reasonable jury could find that the drain cover was damaged by defendants' employees; or that defendants' employees knew that the drain cover was damaged and failed to use reasonable diligence to fix it; or that the drain cover had been damaged for so long that defendants' employees should, in the exercise of reasonable diligence, have discovered and fixed it. Although Kendrick was clearly seriously injured, based on the amount of medical expenses he incurred, defendants cannot be held liable for Kendrick's injuries.

///

///

Page 5 - OPINION AND ORDER

## CONCLUSION

Defendants' Motion for Summary Judgment (#42) is granted. I dismiss the case with prejudice.

IT IS SO ORDERED.

Dated this ___13th___ day of May, 2008.

```
                                    /s/ Garr M. King
                                    _____
                                    Garr M. King
                                    United States District Judge
```